AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 2:19-mj-844 |
| Marquese L. CUMBERLAND | ) |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  October 23, 2019  in the county of  Franklin  in the Southern District of  Ohio , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 & 21 U.S.C. 841(b)(1)(B)(vi) | Conspiracy to distribute and to possess with intent to distribute 40 grams or more of a detectable amount of fentanyl, a Schedule II controlled substance |

This criminal complaint is based on these facts:

See Attachment A (affidavit), incorporated here by reference.

☑ Continued on the attached sheet.

_____
Complainant's signature

Antonio Kelly, DEA Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 10/24/2019

_____
Judge's signature

City and state: Columbus, Ohio

Elizabeth A. Preston Deavers, U.S Magistrate Judge
Printed name and title

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE<br>CRIMINAL COMPLAINT OF:<br><br>MARQUESE L. CUMBERLAND | CASE NO. _____<br><br>MAGISTRATE JUDGE PRESTON<br>DEAVERS |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Antonio Kelly, having been duly sworn, depose and state as follows:

1. I have been a Special Agent of the Drug Enforcement Administration ("DEA") since August of 2017. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7). As a Special Agent, I am authorized to conduct investigations, carry firearms, execute warrants, make arrests for offenses against the United States, and perform other such duties as authorized by law.

2. I am a graduate of the DEA Academy, where I received approximately 20 weeks of training, including controlled substances identification, interview and interrogation training, preparation of search warrants, tactical application of narcotics enforcements, tactical undercover training, surveillance and electronic monitoring techniques, money laundering investigations, and various forensics subjects including latent finger print collections and analysis. Prior to joining the DEA, I was employed by the Bureau of Prisons in Williamsburg, South Carolina, from March 2008 to August 2016. Prior to that, I held various law enforcement positions, including working in the Charleston County Sheriff's Office in Charleston, South Carolina.

3. During my law enforcement career, I have conducted and participated in numerous investigations involving narcotics trafficking, including investigations involving the possession, manufacture, transportation, distribution, and importation of controlled substances, as well as methods used to finance drug transactions.

4. This affidavit is being submitted in support of an application for a criminal complaint against Patrick IRVIN, Marquese CUMBERLAND, and Linda GROTSKY for conspiracy to distribute and to possess with intent to distribute 40 grams or more of a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 and 21 U.S.C. 841(b)(1)(B)(vi). The statements in this affidavit are based upon my training and experience, my personal knowledge of this ongoing investigation, consultation with other experienced investigators and agents, review of related documents, as well as information provided to me by other law enforcement officers. This affidavit is intended to set forth probable cause in support of the criminal complaint and does not purport to set forth all of my knowledge regarding this investigation.

5. During February 2019, the DEA Columbus District Office applied for and was granted authorization to execute a Federal search warrant at 1017 Bruckner Road. During entry of the residence, law enforcement located multiple subjects in the residence, to include Marquese L. CUMBERLAND and Linda GROTSKY residing in the northwest bedroom.

6. Inside the bedroom where CUMBERLAND and GROTSKY were located, law enforcement seized approximately 34.1 gross grams of heroin, located in GROTSKY's purse; approximately 36.6 gross grams of suspected crack cocaine, located in GROTSKY's purse; 1 Suboxone Flim, located in GROTSKY's purse; 2 Xanax tablets, located in GROTSKY's purse; 33.4 gross grams of cocaine, located in GROTSKY's purse; 39.0 gross grams of crack cocaine, located in GROTSKY's purse; and 2 Benzodiazepine tablets, located in GROTSKY's purse. GROTSKY's identification card was located inside her purse further indicating GROTSKY knowingly possessed the aforementioned illegal narcotics.

7. In the common area of the bedroom where CUMBERLAND and GROTSKY were located, law enforcement seized a scale with cocaine residue, 37 gross grams of methamphetamine, and a loaded Glock 22 pistol. CUMBERLAND and GROTSKY were not arrested. As a result of the overall investigation, including the items found during the execution of the search warrant, law enforcement identified CUMBERLAND and GROTSKY as distributors of illegal narcotics operating in the Columbus, Ohio area. In addition, it was later identified GROTSKY was the girlfriend of CUMBERLAND.

8. From April 2019 to July 2019, a credible, reliable source of information (hereinafter referred to as "SOI-1") provided information regarding CUMBERLAND and GROTSKY, to include the facts that they were distributing heroin, fentanyl, methamphetamine, and cocaine. SOI-1 advised law enforcement, GROTSKY uses her vehicle transport illegal narcotics for CUMBERLAND.

9. On September 09, 2019, the Franklin County Sheriff's Office executed a search warrant in the area of 1437 East Columbus Street, Columbus, Ohio, and observed CUMBERLAND leaving the residence and conducted a traffic stop on CUMBERLAND. This location is believed by law enforcement to be the residence of CUMBERLAND's heroin source of supply. It is law enforcement belief, CUMBERLAND purchased the heroin from his source of supply for redistribution. In addition, during the time of the traffic, CUMBERLAND was operating a vehicle not registered in his name.

10. As a result of the aforementioned traffic stop, law enforcement seized heroin located on CUMBERLAND's person. On September 09, 2019, CUMBERLAND was slated into the Franklin County Correctional Center by members of the Franklin County Sheriff's Special Investigations Unit (SIU). Subsequently, CUMBERLAND was released on bond. This bolsters the fact and confirms CUMBERLAND's involvement in the distribution of illegal narcotics.

11. Through investigative efforts and intelligence from a law enforcement database, law enforcement identified CUMBERLAND is not the listed owner of 1437 East Columbus Street. According to my training and experience, I know that narcotics traffickers often place assets in

names other than their own and/or use fictitious identifications to avoid detection of these assets by law enforcement officials.

12. In September 2019, through investigative efforts, law enforcement identified 925 Hilock Road, Columbus, Ohio (hereinafter "the 925 Hilock Road Residence") as a location where CUMBERLAND and GROTSKY were residing. During surveillance, law enforcement observed CUMERLAND entering the 925 Hilock Road Residence without utilizing a key and without knocking.

13. In the past, law enforcement have known GROTSKY to drive a white Volvo, bearing Ohio registration HPK4254. According to the Ohio Bureau of Motor Vehicles, GROTSKY is the listed owner of the Volvo. This Volvo is the same vehicle that was located in the driveway during the time of the aforementioned Federal search warrant executed during February. In September and October 2019, law enforcement observed GROTSKY's Volvo parked at the 925 Hilock Road Residence overnight. This further indicates that GROTSKY has been residing at the 925 Hilock Road Residence since September of 2019.

14. On October 23, 2019, at approximatively 11:00 a.m., law enforcement established surveillance in the area of the 925 Hilock Road Residence. Law enforcement observed a silver Cadillac parked in the driveway of the residence.

15. On October 23, 2019, approximately 12:00 p.m., law enforcement observed the Volvo and a Blue Chevrolet arrive and park in the driveway of the 925 Hilock Road Residence. At this time, law enforcement observed CUMBERLAND exit the driver's seat of the Volvo and an unidentified black male, later identified as Michael YANTIES exit the driver's seat of the Blue Chevrolet. Both CUMBERLAND and YANTIES walked inside the 925 Hilock Road Residence.

16. On October 23, 2019, at approximately 1:50 p.m., law enforcement observed a black Audi arrive and park in the driveway of the 925 Hilock Road Residence. The driver of the Audi was later identified as Patrick IRVIN.

17. When the Audi arrived, law enforcement observed CUMBERLAND walk out of the front door of the 925 Hilock Road Residence and walk to the driver's side door of the Audi. Law enforcement observed IRVIN hand CUMBERLAND an unidentified item, then CUMBERLAND handed that same item to GROTSKY. GROTSKY then entered into the driver's seat of the Volvo.

18. Based upon my training and experience, and the experience of others, it was law enforcement belief that IRVIN was a source of supply of illegal narcotics for CUMBERLAND and GROTSKY. In addition, law enforcement identified CUMBERLAND to have a past criminal history of robbery, aggravated menacing, domestic violence, and assault to include the additional aforementioned traffic stop conducted on September 09, 2019.

19. Furthermore, law enforcement identified IRVIN to have a past criminal history of felony drug possession and felony assault.

20. At approximately 1:59 p.m., law enforcement observed the Volvo, driven by GROTSKY, and the Audi, driven by IRVIN both depart the 925 Hilock Road Residence in tandem. It was later identified, YANTIES was the passenger in the Audi during the time the Audi departed the residence.

21. Based upon by training and experience, and past information provided by a credible, reliable source of information, if was law enforcement belief that GROTSKY was being trailed by IRVIN for the purpose of delivering illegal narcotics.

22. Law enforcement maintained surveillance on the Volvo and the Audi and at approximately 2:10 p.m., Ohio State Highway Patrol (OSHP) Troopers Mike Wilson, Lindsay Barrett, and members of the DEA Columbus DO conducted a probable cause stop, based upon the hand the hand transaction law enforcement observed between IRVIN and CUMBERLAND. Both the Volvo and the Audi were stopped at the intersection of highway 70 and Board Street.

23. As a result of the stop, Trooper Barrett utilized an OSHP canine to conduct a free air sniff of the Audi. The canine provided a positive alert for the presence of illegal narcotics from the Audi. At this time, both IRVIN and YANTIES were read their Miranda warnings and was placed under investigative detention.

24. When Trooper Barrett approached the Volvo, Trooper Barrett requested to search the Volvo. At this time, GROTSKY complied with consent and was placed under investigative detention. GROTSKY was read her Miranda Warnings.

25. GROTSKY admitted to having illegal narcotics on her person. At this time, Trooper Barrett requested for the illegal narcotics from GROTSKY. As a result, two separate baggies of suspected fentanyl was seized from GROTSKY's person in the amount of 190 gross grams.

26. GROTSKY advised law enforcement the transaction that occurred outside the 925 Hilock Road Residence in the driveway was the two baggies of suspected fentanyl located on GROTSKY's person. GROTSKY advised law enforcement, after IRVIN handed CUMBERLAND the two baggies, they both entered into the residence. GROTSKY advised law enforcement, inside the residence, the two baggies were placed on the table and she then stuffed the two baggies in her bra to be transported to a white male for redistribution. GROTSKY informed law enforcement, CUMBERLAND made arrangements for the two baggies of suspected fentanyl to be delivered to the white male who was anticipating on meeting her at the intersection of Burgess and Broad Street. GROTSKY advised law enforcement, the Audi driven by IRVIN was following her to insure they received the money from the transaction after it occurred.

27. Based on the information and events described above, and my training and experience in dealing with federal narcotics, I believe probable cause exists to believe that on October 23, 2019, in the Southern District of Ohio, Patrick IRVIN, Marquese CUMBERLAND, and Linda GROTSKY knowingly conspired to distribute and to possess with intent to distribute 40 grams or more of a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 and 21 U.S.C. 841(b)(1)(B)(vi).

Antonio Kelly
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this 24th day of October, 2019.

Elizabeth A. Preston Deavers
United States Magistrate Judge
Southern District of Ohio

5